

**null / ALL**
**Transmittal Number: 20463808**
**Date Processed: 09/30/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Michael Krawitz<br>York Risk Services Group, Inc.<br>1 Upper Pond Rd<br>Bldg F Fl 4<br>Parsippany, NJ 07054-1050 |
| **Electronic copy provided to:** | Susanne Thevenet<br>Marisol Lopez Mauser<br>Donald Nungesser |

| | |
|---|---|
| **Entity:** | York Risk Services Group, Inc.<br>Entity ID Number  1713250 |
| **Entity Served:** | York Risk Services Group, Inc. |
| **Title of Action:** | Fort Bend County, Texas vs. Deborah Helen Sutter |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Fort Bend County District Court, TX |
| **Case/Reference No:** | 19-DCV-266010 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 09/27/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Kevin Hedges<br>281-341-4555 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



EXHIBIT

**D**


SERVICE FEE COLLECTED
BY DISTRICT CLERK

**THE STATE OF TEXAS**

**CITATION**

**TO:   YORK RISK SERVICES GROUP, INC.**
**REGISTERED AGENT CORPORATE SERVICE COMPANY**
**211 E 7TH STREET SUITE 600**
**AUSTIN TX 78701-3218**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES** filed on **AUGUST 27, 2019,** a default judgment may be taken against you.

The case is presently pending before the **400TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-266010**  and is styled:

**FORT BEND COUNTY, TEXAS VS. DEBORAH HELEN SUTTER, YORK RISK SERVICES GROUP, INC. AND CERTAIN UNDERWRITERS AT LLOYDS OF LONDON SUBSCRIBING TO POLICY NUMBER PK1004818**

The name and address of the attorney for **PLAINTIFF** is:

**KEVIN HEDGES**
**ASSISTANT COUNTY ATTORNEY**
**401 JACKSON STREET 3RD FLOOR**
**RICHMOND TX 77469**
**281-341-4555**

The nature of the demands of said  **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 23rd day of September, 2019.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _Salena Jasso_
Deputy District Clerk SALENA M JASSO
Telephone: (281) 341-3787

**SERVICE**

19-DCV-266010                                                    **400th Judicial District Court**
**Fort Bend County, Texas vs. Deborah Helen Sutter, York Risk Services Group, Inc. and Certain Underwriters at Lloyds of London Subscribing to Policy Number PK1004818**

## CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the _____ at _____ o'clock and executed _____ _____, on the _____, by delivering to the within named _____ _____ by registered or certified mail, with delivery - restricted to addressee only, return receipt requested, a true copy of this citation together with the accompanying copy of the petition were attached thereto.

Fee......... **$8.00 Issuance + $80.00 Service = $88.00**

CMRRR# 9414 7266 9904 2152 4456 04

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By:_____
Deputy District Clerk  **Salena M Jasso**

---

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is
              (First, Middle, Last)

_____, and my address is _____
                                                (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____,

on the day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

## SERVICE

Citation (By Certified Mail) issued to York Risk Services Group, Inc. on 9/23/2019.

Filed
8/27/2019 4:21 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Salena Jasso

CAUSE NO. **19-DCV-266010**

| | | |
|---|---|---|
| FORT BEND COUNTY, TEXAS | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| vs. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| DEBORAH HELEN SUTTER, | § | |
| YORK RISK SERVICES GROUP, INC. | § | |
| And CERTAIN UNDERWRITERS AT | § | |
| LLOYDS OF LONDON SUBSCRIBING | § | |
| TO POLICY NUMBER PK1004818 | § | Fort Bend County - 400th Judicial District Court |
|     Defendants | § | \_\_\_\_\_ JUDICIAL DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Fort Bend County, Texas complains of Defendants Deborah Helen Sutter ("Sutter"), York Risk Services Group, Inc. ("York") and Certain Underwriters at Lloyds of London Subscribing to Policy Number PK1004818 ("Lloyds") as follows:

### DISCOVERY

Plaintiffs seek a Level 3 Discovery Order.

### REQUESTS FOR DISCLOSURE

Plaintiff requests that Defendants each disclose the items required under T.R.C.P. 194.2 within 50 days after this document is served upon them.

### PARTIES

Plaintiff Fort Bend County, Texas is a Political Subdivision of the State of Texas and an Insured under Policy No. PK1004818.

Defendant Deborah Helen Sutter is an Individual domiciled and residing in Fort Bend



Page | 1

County, Texas who may be served with Process by personally serving her at 1316 Radio Lane #26, Rosenberg, Tx 77471.

Defendant York Risk Services Group, Inc. is a New York corporation with its Principal Place of Business in New Jersey doing business in the State of Texas that may be served with process by serving its Registered Agent for service, Corporate Service Company, 211 E. 7th Street, Suite 600, Austin, TX 78701-3218 by certified mail return receipt requested.

Defendant Certain Underwriters at Lloyds of London Subscribing to Policy Number PK1004818 are a foreign unincorporated association that may be served by serving their contractual service agent Walker Wilcox Matousek, LLP, One North Franklin Street, Suite 3200, Chicago IL, 60606, by certified mail, return receipt requested.

## JURISDICTION AND VENUE

The alleged acts and omissions, and the breaches of contract complained of took place in Fort Bend County, Texas.  Defendant Sutter resides and is domiciled in Fort Bend County, Texas. Defendant York agreed that venue is proper in Fort Bend County, Texas.  Fort Bend County is seeking relief within the jurisdiction of the Court as granted by the Constitution and laws of the State of Texas.

## JURY DEMAND

Fort Bend County demands a jury.

## RELEVANT FACTS

Fort Bend County, and others, have been sued in Civil Action No. 1:19-CV-00430; John Doe, et al v. Fort Bend County, et al, in the United States District Court for the Southern District of Texas, Houston Division.  Plaintiffs in that case allege that, during the time period including between April 1, 2018 and April 1, 2019, Defendant Deborah Helen Sutter was a volunteer mentor and

repeatedly molested or sexually assaulted the minor Plaintiff while he was confined in the Fort Bend

County Juvenile Detention Center. Plaintiffs in that case allege that Fort Bend County violated the

minor Plaintiff's civil rights by, among other things, failing to properly supervise Sutter and for

having inadequate policies to prevent such molestation from happening.

Lloyds was Fort Bend County's insurer at the time of the alleged sexual abuse. York was

Fort Bend County's Third Party Claims Administrator at the time of the alleged sexual abuse. When

Fort Bend County discovered that there were allegations of sexual abuse by Sutter, it reported the

information to York as required by the Lloyds insurance policy. Lloyds now takes the position that

York did not send the notice to Lloyds within the time required by the policy and therefore that

Lloyds has no duty to indemnify Fort Bend County for any amounts due as a result of the alleged

sexual abuse.

## A.  LLOYDS' POLICY

Defendant certain Underwriters at Lloyds of London Subscribing to Policy Number

PK1004818 issued an insurance policy No. PK 1004818, effective April 1, 2018 to April 1, 2019,

with Plaintiff Fort Bend County, Texas as the Named Assured. This insurance policy contains the

following words:

### Declarations

. . . .

1.          **NAMED ASSURED:**

            Fort Bend County, Texas

. . . .

3.          **Effective Date:**      April 1, 2018
            **Expiration Date:**    April 1, 2019
                                    Both days at 12:01 a.m. local standard time

7.        **Service of Suit may be made upon:**

Walker Wilcox Matousek LLP, One North Franklin Street, Suite 3200, Chicago, IL
60606.

. . . .

### Schedule of SELF INSURED RETENTIONS

This Policy has the following underlying **SELF INSURED RETENTIONS**, which apply to
a covered loss for each **OCCURRENCE** or **CLAIM**.

. . . .

| | | |
|---|---|---|
| **II** | **General Liability**: | $100,000 |
| | . . . . | |
| | **SEXUAL ABUSE** Liability | $100,000 |
| | . . . . | |
| **IV** | **Public Officials Miscellaneous Liability**: | $100,000 |
| | . . . . | |
| | **SEXUAL ABUSE** Liability: | $100,000 |
| | . . . . | |
| **VIII Law Enforcement Liability**: | | $100,000 |
| | . . . . | |
| | **SEXUAL ABUSE** Liability: | $100,000 |
| | . . . . | |

**Coverage Section II General Liability**
**Specific Excess Limit of Insurance for each OCCURRENCE:**
All coverages under Coverage Section II combined:  $4,900,000
$4,900,000 Annual Aggregate

Subject to the following **SUBLIMITS**/Annual Aggregates which are part of, and not in
addition to, the **Coverage Section II General Liability Excess Limit of Insurance** and
Annual Aggregate Limit above:

. . . .

**SEXUAL ABUSE** Liability:  $4,900,000
$4,900,000 Annual Aggregate

. . . .

**Coverage Section IV Public Officials Miscellaneous Liability:**
    **Specific Excess Limit of Insurance for each CLAIM:**
    All Coverages under Coverage Section IV combined:  $4,900,000
    $4,900,000 Annual Aggregate

. . . .

Subject to the following **SUBLIMITS**/Annual Aggregates which are part of, and not in addition to, **the Coverage Section IV Public Officials Miscellaneous Liability – Specific Excess Limit of Insurance** and Aggregate Limit above:

. . . .

    **SEXUAL ABUSE** Liability:  $4,900,000
    $4,900,000 Annual Aggregate
    Retroactive Date: **October 1, 2007**

**Coverage Section VIII Law Enforcement Liability:**
    **Specific Excess Limit of Insurance** for each **OCCURRENCE:**
    All coverages under Coverage Section VIII combined:  $4,900,000
    $4,900,000 Annual Aggregate

Subject to the following **SUBLIMITS**/Annual Aggregates which are part of, and not in addition to, the **Coverage Section VIII Specific Excess Limit of Insurance** and Aggregate Limit above.

    **SEXUAL ABUSE** Liability:  $4,900,000
    $4,900,000 Annual Aggregate

. . . .

### General Policy Definitions

. . . .

**2.**    **ASSURED** means not only the **NAMED ASSURED** as stated in the **Declarations**, but also includes any past, present or future officials; members of boards or commissions; and trustees, directors, officers, volunteers, or employees of the **NAMED ASSURED** while acting within the scope of their duties as such.  **ASSURED** shall also mean any person, organization, trustee or estate to whom the **NAMED ASSURED** is obligated by virtue of a written contract or written mutual aid agreement or other written agreement to provide insurance such as is offered by this Policy, but only in respect to acts or operations by or on behalf of the **NAMED ASSURED**, and subject to the limitations on coverage contained in any such written contract or written mutual aid agreement or other written contract.

. . . .

**16.**    **NAMED ASSURED** means the person and/or organization first named in Item 1. of the **Declarations** of this Policy.

. . . .

25.     **SEXUAL ABUSE** means any actual, attempted or alleged criminal sexual conduct of a person by another person, or persons acting in concert, regardless if criminal charges or proceedings are brought, which causes physical injuries and/or mental anguish. **SEXUAL ABUSE** also includes actual, attempted or alleged: sexual molestation, sexual assault, sexual exploitation or sexual injury.

But **SEXUAL ABUSE** does not include **SEXUAL HARASSMENT**.

. . . .

30.     **ULTIMATE NET LOSS** means the total sum which the **ASSURED** is obligated to pay because of loss or damage covered under any Coverage Section of this Policy, either through adjudication or compromise, after first making proper deductions for all subrogation, **RECOVERY (IES)** and salvages.

**ULTIMATE NET LOSS** also includes:

(a) Premium on attachment, appeal or similar bonds (but without any obligation on the part of Underwriters to apply for or furnish such bonds);
(b) Expenses of lawyers, private investigators and other persons for litigation, settlement, adjustment and investigation of claims and **SUITS** which are paid as a consequence of any loss or damage covered hereunder.

. . . .

## Coverage Section II General Liability
## Coverage Section II General Liability – Insuring Agreements

. . . .

D.     **SEXUAL ABUSE Liability:** Underwriters agree, subject to the Policy limitations, exclusions, terms and conditions, to indemnify the **NAMED ASSURED** for all sums which the **NAMED ASSURED** is legally obligated to pay, as more fully defined by the term **ULTIMATE NET LOSS**, for the liability on the part of the **NAMED ASSURED**, including liabilities arising from negligent hiring, training and supervision, out of any **OCCURRENCE** resulting from any actual or alleged acts by past, present or future official, board or commission member, trustee, director, employee, or volunteer worker of the **NAMED ASSURED** or other person or persons of **SEXUAL ABUSE** first committed during the **PERIOD OF INSURANCE** against another person who is not an **ASSURED** under this Policy. This provision applies only to the liability of the **NAMED ASSURED** to pay any settlement, verdict or judgment; providing the sole liability imposed on the **NAMED ASSURED** does not arise from any contractual duty to indemnify a past, present or future official, board or commission member, trustee, director, employee, or volunteer worker of the **NAMED ASSURED**. This coverage applies only if a **SUBLIMIT** and **SELF INSURED RETENTION** for **SEXUAL ABUSE** Liability is stated in the **Schedule of Specific Excess Limits**

**of Insurance** and the **Schedule of SELF INSURED RETENTIONS** under **Coverage Section II General Liability.**
Underwriters will not make any payment for any loss, **OCCURRENCE, SUIT** or for any

**DEFENSE COSTS** for past, present or future official, board or commission member, trustee, director, employee, or volunteer worker of the **NAMED ASSURED** or other person or persons in respect of actual or alleged **SEXUAL ABUSE**; however, with respect only to this **Coverage Section II General Liability – Insuring Agreement D. SEXUAL ABUSE,** Underwriters agree, subject to all other Policy limitations, terms and conditions, that as to any loss, **OCCURRENCE** or **SUIT** for any actual or alleged **SEXUAL ABUSE** against another person who is <u>not</u> an **ASSURED** under this Policy alleged to have been committed by a past, present or future official, board or commission member, trustee, director, employee, or volunteer worker of the **NAMED ASSURED** for all reasonable **DEFENSE COSTS** to the extent such **DEFENSE COSTS** are incurred prior to the date on which, by either agreement, admission, or settlement of a loss or by an adjudication, it is determined that the official, board or commission member, trustee, director, employee or volunteer worker committed of the **NAMED ASSURED** and act of **SEXUAL ABUSE**.  Coverage only applies if the act of **SEXUAL ABUSE** was first committed during the **PERIOD OF INSURANCE**. Further, this coverage applies only if a **SUBLIMIT** and **SELF INSURED RETENTION** for **SEXUAL ABUSE** Liability is stated in the **Schedule of Specific Excess Limits of Insurance** and the **Schedule of SELF INSURED RETENTIONS** under **Coverage Section II general Liability**.

Neither this coverage nor any subsequent coverage provided by Underwriters will apply to any **SEXUAL ABUSE** involving the same official, board or commission member, trustee director, employee, or volunteer worker of the **NAMED ASSURED** or any other person or persons which occurred after the **DISCOVERY** by any of the **NAMED ASSURED'S** officials, trustees, directors, officers or partners of any actual, attempted or pending alleged **SEXUAL ABUSE** by said perpetrator.

Following **DISCOVERY** of any actual, attempted or pending alleged **SEXUAL ABUSE** during the **PERIOD OF INSURANCE**, the **NAMED ASSURED** shall give notification of such **DISCOVERY** to Underwriters as soon as practicable but no more than 120 days after the initial **DISCOVERY**, and in any event within the **PERIOD OF INSURANCE** or sixty (60) consecutive days after the expiration of the **PERIOD OF INSURANCE** during which the **OCCURRENCE** of **SEXUAL ABUSE** first took place; whichever is later. Any failure to comply with this provision for any reason whatsoever will result in the absolute exclusion of any resulting **SEXUAL ABUSE** claim or claims, irrespective of whether Underwriters have been prejudiced by said failure.

. . . .

## Coverage Section II General Liability – Definitions

1. **DISCOVERY** of any actual, attempted or pending alleged **SEXUAL ABUSE** shall exists when any of the **NAMED ASSURED'S** officials, trustees, directors, officers, partners or any person that the **NAMED ASSURED** has made responsible in an official capacity to prevent **SEXUAL ABUSE** has taken receipt, learned, or in the exercise of reasonable care should have known:

   (a)    Of any lawsuit alleging **SEXUAL ABUSE**; or
   (b)    Of any demand for money or services based upon alleged **SEXUAL ABUSE**; or

(c)    Of any criminal investigation or prosecution alleging **SEXUAL ABUSE**; or

(d)    Of any allegation by an alleged victim or by a parent or guardian of the alleged victim of **SEXUAL ABUSE**, whether the allegation is or not accompanied by a demand for money or services; or

(e)    Of any report from any other person alleging **SEXUAL ABUSE**, and a person or group designated by the **NAMED ASSURED** to investigate the allegation has investigated and as a result of the investigation has recommended that any action of any kind be taken by or on behalf of the **NAMED ASSURED** with respect either to the alleged **ASSURED** or the alleged victim; or

(f)    That the alleged **ASSURED** has admitted to acts of **SEXUAL ABUSE**.

2.  **DEFENSE COSTS** means the expenses incurred for the investigation and defense of an **OCCURRENCE** or **SUIT** arising out of the **SEXUAL HARASSMENTS** or **SEXUAL ABUSES** by one or more **ASSUREDS**. However, the salaries, expenses and administrative cost of the **ASSURED** or the **ASSURED'S THIRD PARTY CLAIM ADMINISTRATOR** are not included within the meaning of **DEFENSE COSTS**.

. . . .

5.  **OCCURRENCE** means an accident or happening or event or a continuous or repeated exposure to conditions which result in **BODILY INJURY, PROPERTY DAMAGE, PERSONAL INJURY, SEXUAL HARASSMENT** or **SEXUAL ABUSE** during the **PERIOD OF INSURANCE**.

All **BODILY INJURIES, PERSONAL INJURIES** or **SEXUAL HARASSMENT** or **SEXUAL ABUSE** to one or more persons and/or **PROPERTY DAMAGE** arising out of an accident or a happening or event or a continuous or repeated exposure to conditions shall be deemed one **OCCURRENCE**. Only one policy, one **SELF INSURED RETENTION**, and one **Specific Excess Limit of insurance** is applicable to any one **OCCURRENCE**.

. . . .

<u>**Coverage Section IV Public Officials Miscellaneous Liability**</u>
<u>**This is a Claims Made Section**</u>
<u>**Coverage Section IV Public Officials Miscellaneous Liability – Insuring Agreements**</u>

Coverage is provided for one or more of the coverage options in this Coverage Section only if a **Specific Excess Limit of Insurance** is stated in the **Schedule of Specific Excess Limits of Insurance**, and a **SELF INSURED RETENTION** is stated in the **Schedule of SELF INSURED RETENTIONS** for each coverage chosen.

. . . .

D.    **SEXUAL ABUSE** Liability: Underwriters agree, subject to the Policy limitations, exclusions, terms and conditions, to indemnify the **NAMED ASSURED** for all sums for which the **NAMED ASSURED** is legally obligated to pay, as more fully defined by the term **ULTIMATE**

**NET LOSS**, by reason of **SEXUAL ABUSE** by past, present or future official, board or commission member, trustee, director, employee, or volunteer worker of the **NAMED ASSURED** to an **ASSURED**.

This coverage applies only if a **CLAIM** for damages, because of SEXUAL ABUSE, is "first made" against the **ASSURED** during the **PERIOD OF INSURANCE**. The **SEXUAL ABUSE** must have first occurred on or after the Retroactive Date shown in the Schedule of Specific Excess Limits of Insurance, but in no event any later than the last day of the **PERIOD OF INSURANCE**. The **CLAIM** must be reported to Underwriters as soon as practical, but in no event later than sixty (60) consecutive days following the expiration of the **PERIOD OF INSURANCE**, or during the Extended Reporting Period applicable to this coverage, if any.

All **CLAIMS** based on or arising out of one **SEXUAL ABUSE** shall be considered first made when the first of such **CLAIMS** is made to the **ASSURED**, regardless of:
    (a) The number of persons **SEXUALLY ABUSED**;
    (b) The number of locations where the **SEXUAL ABUSE** occurred;
    (c) The number of acts of **SEXUAL ABUSE** prior to or after the first **CLAIM** is made; or
    (d) The period of time over which the **SEXUAL ABUSE** took place, whether the **SEXUAL ABUSE** is during, before or after the **PERIOD OF INSURANCE**. However, only acts of **SEXUAL ABUSE** that take place after the Retroactive Date and before the end of the **PERIOD OF INSURANCE** are covered.

Underwriters will not make payment for any loss, **CLAIM** or for any **DEFENSE COSTS** for any past, present or future official, board or commission member, trustee, director, employee, or volunteer worker of the **NAMED ASSURED** in respect of actual or alleged **SEXUAL ABUSE** to an **ASSURED**. However, with respect only to this **Coverage Section IV Public Officials Miscellaneous Liability – Insuring Agreement D. SEXUAL ABUSE** liability. Underwriters agree, subject to all other Policy limitations, terms and conditions, that as to any **CLAIM** or **SUIT** for **SEXUAL ABUSE** against an **ASSURED** by any past, present or future official, board or commission member, trustee, director, employee, or volunteer worker of the **NAMED ASSURED**. Underwriters will indemnify that official, board or commission member, trustee, director, employee, or volunteer worker of the **NAMED ASSURED** for all reasonable **DEFENSE COSTS** to the extent such **DEFENSE COSTS** are incurred prior to the date on which, by either agreement, admission, or settlement of a **CLAIM** or by an adjudication, it is determined that the official, board or commission member, trustee, director, employee, or volunteer worker committed an act of **SEXUAL ABUSE** against an **ASSURED**. This coverage forms part of the overall **SEXUAL ABUSE LIABILITY** limit and not in addition thereto as stated in the **Schedule of Specific Excess Limits of Insurance**.

Neither this coverage nor any subsequent coverage provided by Underwriters will apply to any **SEXUAL ABUSE** involving the same official, board or commission member, trustee, director, employee, or volunteer worker which occurred after the **DISCOVERY** by any of the **NAMED ASSURED'S** officials, trustees, directors, officers or partners of any actual, attempted or pending alleged **SEXUAL ABUSE** by said perpetrator.

Following **DISCOVERY** of any actual, attempted or pending alleged **SEXUAL ABUSE** during the

**PERIOD OF INSURANCE**, the **NAMED ASSURED** shall give notification of such **DISCOVERY** to Underwriters as soon as practicable but no more than one hundred twenty (120) consecutive days after the initial **DISCOVERY**, and in any event within sixty (60) consecutive days following the expiration of the **PERIOD OF INSURANCE** or any Extended Reporting Period. Any failure to comply with this provision for any reason whatsoever will result in the absolute exclusion of any resulting **SEXUAL ABUSE CLAIM** or **CLAIMS**, irrespective of whether Underwriters have been prejudiced by such failure.

. . . .

### Coverage Section IV Public Officials Miscellaneous Liability – Conditions

. . . .

**C.     Reporting to Underwriters:**

For the purposes of compliance with the reporting requirements of this Coverage Section, the **ASSURED'S** reporting of a **CLAIM** to the **ASSURED'S THIRD PARTY CLAIM ADMINISTRATOR** shall be considered reporting of the **CLAIM** to Underwriters, provided that:

(a)     The **CLAIM** is reported to the **ASSURED'S THIRD PARTY CLAIM ADMINISTRATOR** no later than sixty (60) consecutive days following the expiration of the **PERIOD OF INSURANCE** or the applicable Extended Reporting Period, if any; and

(b)     The **CLAIM**, if not otherwise reportable to Underwriters pursuant to **General Policy Condition 7**, appears on the **ASSURED'S** list of **CLAIMS** or loss run, as reported by the **THIRD PARTY CLAIM ADMINISTRATOR** to Underwriters, that includes all **CLAIMS** for the **PERIOD OF INSURANCE** or applicable **Extended Reporting Period**, if any.

. . . .

### Coverage Section IV Public Officials Miscellaneous Liability – Definitions

1.     **CLAIM** means all notices or **SUITS** demanding payment of money based on, or arising out of the same **WRONGFUL ACT, SEXUAL HARASSMENT** or **SEXUAL ABUSE** or a series of related **WRONGFUL ACTS, SEXUAL HARASSMENT** or **SEXUAL ABUSE** by one or more **ASSUREDS**.

. . . .

3.     **DISCOVERY** of any actual, attempted or pending alleged **SEXUAL ABUSE** shall exist when any of the **NAMED ASSURED'S** officials, directors, officers, partners or any person that the **NAMED ASSURED** has made responsible in an official capacity to prevent **SEXUAL ABUSE** has taken receipt, learned, or in the exercise of reasonable care should have known:

(a)     Of any lawsuit alleging **SEXUAL ABUSE**; or

(b)     Of any demand for money or services based upon alleged **SEXUAL ABUSE**; or

(c)     Of any criminal investigation or prosecution alleging **SEXUAL ABUSE**; or

(d)     Of any allegation by an alleged victim or by a parent or guardian of the alleged victim of **SEXUAL ABUSE**, whether the allegation is or is not accompanied by a demand for money or services; or

(e)     Of any report from any other person alleging **SEXUAL ABUSE**, and a person or group designated by the **NAMED ASSURED** to investigate the allegation has investigated and as a result of the investigation has recommended that any action of any kind be taken by or on behalf of the **NAMED ASSURED** with respect either to the alleged **ASSURED** or the alleged victim; or

(f)     That the alleged **ASSURED** has admitted to acts of **SEXUAL ABUSE**.

. . . .

## PROCEDURES FOR THIRD PARTY CLAIMS ADMINISTRATORS

As per **General Policy Condition 21. THIRD PARTY CLAIMS ADMINISTRATOR,** the **NAMED ASSURED** must contract with, and utilize the services of, a duly qualified and competent **THIRD PARTY CLAIM ADMINISTRATOR,** as agreed upon by the Underwriters prior to the **PERIOD OF INSURANCE.**

. . . .

As such, the **NAMED ASSURED'S THIRD PARTY CLAIM ADMINISTRATOR** is:

York Risk Services Group

. . . .

### Coverage Section VIII Law Enforcement Liability
### Coverage section VIII Law Enforcement Liability – Insuring Agreements

. . . .

D.      **SEXUAL ABUSE Liability**: Underwriters agree, subject to the Policy limitations, exclusions, terms and conditions, to indemnify the **NAMED ASSURED** for all sums which the **NAMED ASSURED** is legally obligated to pay, as more fully described by the term **ULTIMATE NET LOSS** for the liability on the part of the **NAMED ASSURED**, including liabilities arising from negligent hiring, training and supervision, arising out of an **OCCURRENCE** resulting from any actual or alleged acts by any past, present or future law enforcement officials, officers, auxiliary officers, employees or volunteers of a law enforcement agency or department of the **NAMED ASSURED** or other person or persons of **SEXUAL ABUSE** first committed during the **PERIOD OF INSURANCE** against another person who is not an **ASSURED** under this Policy. This provision applies only to the liability of the **NAMED ASSURED** to pay any settlement, verdict or judgment; providing that the sole liability imposed on the **NAMED ASSURED** does not arise from any contractual duty to indemnify a law enforcement official, officer, auxiliary officer, employee or volunteer of a law enforcement agency or department of the **NAMED ASSURED**.  This coverage applies only if a **SUBLIMIT** and **SELF INSURED RETENTION** for **SEXUAL ABUSE Liability** is stated in the **Schedule of Specific Excess Limits of Insurance** and the **Schedule of SELF INSURED RETENTIONS** under **Coverage Section VIII Law Enforcement Liability.**

Underwriters will not make payment for any loss, **OCCURRENCE, SUIT** or for any **DEFENSE COSTS** for past, present, or future law enforcement officials, officers, auxiliary officers, employees or volunteers of a law enforcement agency or department of the **NAMED ASSURED** of the **NAMED ASSURED** or other person or persons in respect of actual or alleged **SEXUAL ABUSE**; however, with respect only to this **Coverage Section VIII Insuring Agreement D**, Underwriters agree, subject to all other Policy limitations, terms and conditions, that as to any loss, **OCCURRENCE** or **SUIT** for any actual or alleged **SEXUAL ABUSE** against another person who is not an **ASSURED** under this Policy alleged to have been committed by a law enforcement official, officer, auxiliary officer, employee or volunteer of a law enforcement agency or department of the **NAMED ASSURED** only, Underwriters will indemnify that law enforcement official, officer, auxiliary officer, employee or volunteer of the **NAMED ASSURED** for all reasonable **DEFENSE COSTS** to the extent such **DEFENSE COSTS** are incurred prior to the date on which, by either agreement, admission, or settlement of a loss or by an adjudication, it is determined that law enforcement official, officer, auxiliary officer, employee or volunteer committed of the **NAMED ASSURED** an act of **SEXUAL ABUSE**. Coverage only applies of the act of **SEXUAL ABUSE** was first committed during the **PERIOD OF INSURANCE**. Further, this coverage applies only if a **SUBLIMIT AND SELF INSURED RETENTION** for **SEXUAL ABUSE Liability** is stated in the **SCHEDULE OF Specific Excess Limits of Insurance** and the **Schedule of SELF INSURED RETENTIONS** under **Coverage Section VIII Law Enforcement Liability.**

Neither this coverage nor any subsequent coverage provided by Underwriters will apply to any **SEXUAL ABUSE** involving the same law enforcement official, officer, auxiliary officer, employee or volunteer of a law enforcement agency or department of the **NAMED ASSURED** or other person or persons which occurred after the **DISCOVERY** by any of the **NAMED ASSURED'S** officials, trustees, directors, officers or partners of any actual, attempted or pending alleged **SEXUAL ABUSE** by said perpetrator.

Following **DISCOVERY** of any actual, attempted or pending alleged **SEXUAL ABUSE** during the **PERIOD OF INSURANCE**, the **NAMED ASSURED** shall give notification of such **DISCOVERY** to Underwriters as soon as practicable but no more than 120 consecutive days after the initial **DISCOVERY**, and in any event within the **PERIOD OF INSURANCE** or sixty (60) consecutive days after the expiration of the **PERIOD OF INSURANCE** during which the **OCCURRENCE** of **SEXUAL ABUSE** first took place; whichever is later. Any failure to comply with this provision for any reason whatsoever will result in the absolute exclusion of any resulting **SEXUAL ABUSE** claim or claims, irrespective of whether Underwriters have been prejudiced by said failure.

### Coverage Section VIII Law Enforcement Liability – Definitions

1.     **CLAIM** means all notices or **SUITS** demanding payment of money based on, or arising out of the same **OCCURRENCE** or a series of related **OCCURRENCES** by one or more assureds.

. . . .

3.     . **DISCOVERY** of any actual, attempted or pending alleged **SEXUAL ABUSE** shall exist when any of the **NAMED ASSURED'S** officials, trustees, directors, officers, partners or any person

that the **NAMED ASSURED** has made responsible in an official capacity to prevent **SEXUAL ABUSE** has taken receipt, learned, or in the exercise of reasonable care should have known:

    (a)    Of any lawsuit alleging **SEXUAL ABUSE**; or

    (b)    Of any demand for money or services based upon alleged **SEXUAL ABUSE**; or

    (c)    Of any criminal investigation or prosecution alleging **SEXUAL ABUSE**; or

    (d)    Of any allegation by an alleged victim or by a parent or guardian of the alleged victim of **SEXUAL ABUSE**, whether the allegation is or is not accompanied by a demand for money or services, or

    (e)    Of any report from any other person alleging **SEXUAL ABUSE**, and a person or group designated by the **NAMED ASSURED** to investigate the allegation has investigated and as a result of the investigation has recommended that any action of any kind be taken by or on behalf of the **NAMED ASSURED** with respect either to the alleged **ASSURED** or the alleged victim, or

    (f)    That the alleged **ASSURED** has admitted to acts of **SEXUAL ABUSE**.

. . . .

| | |
|---|---|
| **NAMED ASSURED:** | Fort Bend County, Texas |
| Policy Number: | PK1004818 |
| Effective Date: | April 1, 2018 |
| Authority Ref. No.: | B0356JA281N18 |

Endorsement No. 18

. . . .

### **General Policy Conditions**

. . . .

7.    **CLAIMS, OCCURRENCES** or **SUITS**: The **ASSURED** shall as soon as practical notify Underwriters through the **ASSURED'S THIRD PARTY CLAIM ADMINISTRATOR** of any **CLAIM, OCCURRENCE** or **SUIT** meeting the following criteria:

. . . .

    (d)    **SEXUAL ABUSE** claims;

. . . .

11.    **Duties:**

Underwriters' duty under the Policy shall be to indemnify the **NAMED ASSURED** for

**ULTIMATE NET LOSS** in excess of the applicable **SELF INSURED RETENTION, MAINTENANCE DECTIBLE,** or any other applicable deductible or deduction; and not more than the **Specific Excess Limit of Insurance.**

. . . .

21.     **THIRD PARTY CLAIM ADMINISTRATOR:** It is a condition precedent that this Policy of insurance is issued by the Underwriters on the express condition that:

(a)     The **NAMED ASSURED** must contract with, and utilize the services of, a duly qualified and competent **THIRD PARTY CLAIM ADMINISTRATOR,** as agreed upon by Underwriters prior to the **PERIOD OF INSURANCE;** . . . .

**NAMED ASSURED:**          Fort Bend County, Texas

Policy Number:              PK1004818
Effective Date:             April 1, 2018
Authority Ref. No.:         B0356JA281N18

Endorsement No. 20

## GENERAL POLICY CONDITIONS NOTIFICATION OF CLAIMS, OCCURRENCES OR SUITS

It is hereby understood and agreed that **General Policy Condition 7. CLAIMS, OCCURRENCES or SUITS** is amended to read as follows:

7.     **CLAIMS, OCCURRENCES or SUITS:** Underwriters reserves the right to deny coverage under this Policy if there has not been full compliance with the following duties:

The **ASSURED** shall as soon as practical notify Underwriters through the **THIRD PARTY CLAIMS ADMINISTRATOR** of any **CLAIM, OCCURRENCE or SUIT** meeting the following criteria:

. . . .

(e)     **SEXUAL ABUSE** claims

. . . .

It is also understood and agreed that **General Policy Condition 21. THIRD PARTY CLAIMS ADMINISTRATOR** is amended to read as follows:

21.     **THIRD PARTY CLAIMS ADMINISTRATOR:** It is a condition precedent that this Policy is issued by underwriters on the express condition that:

(a)     The **NAMED ASSURED** must contract with, and utilize the services of, a duly qualified and competent **THIRD PARTY CLAIMS ADMINISTRATOR,** as

agreed upon by Underwriters prior to the **PERIOD OF INSURANCE**; and

(b)     All **CLAIMS, SUITS** or **OCCURRENCES** for which coverage is sought under this Policy must be adjusted and handled by the contracted **THIRD PARTY CLAIMS ADMINISTRATOR**; and

(c)     The duties involved in adjusting and handling **CLAIMS, SUITS** or **OCCURRENCES** by the **THIRD PARTY CLAIMS ADMINISTRATOR** include but are not limited to, timely investigations, setting ground-up case reserves, documenting case reserve rationale, pursuing settlement and recording financials; and

(d)     All **CLAIMS, SUITS** or **OCCURRENCES** for which coverage is sought under this Policy are adjusted and handled by the **THIRD PARTY CLAIMS ADMINISTRATOR** in accordance with all statutory and regulatory standards, all accepted industry standards and practices and the Brit Global Specialty USA Third Party Claims Administrator Claims Handling Guidelines.

. . . .

Defendant Lloyds has sent a Reservation of Rights letter to Fort Bend County in which they deny that they have any obligation to indemnify Fort Bend County. The stated ground for Lloyds' position is that Fort Bend County notified York of the allegations made by DOE as required by the policy, but York allegedly did not pass the notification on to Lloyds.

## B.  YORK CONTRACT

York Risk Services Group, Inc. is the Third Party Claims Administrator required by the Lloyd's Policy. Fort Bend County's contract with York Risk Services Group, Inc. contains the following words:

| STATE OF TEXAS | § |
| | § |
| COUNT OF FORT BEND | § |

## AGREEMENT FOR PROPERTY AND CASUALTY INSURANCE PROGRAM THIRD PARTY ADMINISTRATION SERVICES PURSUANT TO RFP 16-101

This Agreement is entered into between Fort Bend County ("County"), a body corporate and

politic under the LAWS OF THE State of Texas, having offices at 301 Jackson Street, Richmond, Texas 77496 and York Risk Services Group, Inc. ("Contractor"), a New York corporation with its principal place of business at One Upper Pond Road, Building F, Fourth Floor, Parsippany, New Jersey 07054, a company authorized to conduct business in the State of Texas.

W I T N E S S E T H

WHEREAS, County desires that Contractor provide Third Party Administration Services for County's Property and Casualty Insurance Programs (hereinafter "Programs") pursuant to RFP 16-101; and

WHEREAS, Contractor represents that it is qualified and desires to perform such services.

NOW, THEREFORE, in consideration of the mutual covenants and conditions set forth below, the parties agree as follows:

**AGREEMENT**

. . . .

### Section Two. Services to be provided by Contractor

. . . .

K.     Contractor will notify County's insurer of all claims which may affect the insurer's coverage in excess of County's self-insured retention layer in accordance with the instructions of County's Insurer as provided to Contractor pursuant to Subsection A. *Duties of County*, Section.

. . . .

### Section Ten. Term and Termination

A. The term of this Agreement shall commence on December 1, 2016 and shall continue through December 31, 2017 (the "Term"). The Agreement is renewable annually for additional one year terms under the same terms and conditions if mutually agreed upon by the parties in writing. . . .

### Section Seventeen. Independent Contractor

A. In the performance of work or services hereunder, Contractor shall be deemed an independent contractor, and any of its agents, employees, officers, or volunteers performing work hereunder shall be deemed solely as employees of contractor or, where permitted, of its subcontractors.
B. Contractor and its agents, employees, officers or volunteers shall not, by performing work pursuant to this Agreement, be deemed to be employees, agents, or servants of County and shall not be entitled to any of the privileges or benefits of County employment.

. . . .

**Section Twenty. <u>Performance Warranty</u>**

. . . .

B.  Contractor warrants to County that the Services will be free from material errors and will materially conform to all requirements and specifications contained in the attached exhibits.

. . . .

**Section Twenty Two. <u>Applicable Law</u>**

The laws of the State of Texas govern all disputes arising out of or relating to this Agreement. The parties hereto acknowledge that venue is proper in Fort Bend County, Texas, for all legal actions or proceedings arising out of or relating to this Agreement and waive the right to sue or be sued elsewhere.  Nothing in the Agreement shall be construed to waive the County's sovereign immunity.

. . . .

**STATE OF TEXAS**                            §
                                             §
**COUNTY OF FORT BEND**                      §


### FIRST AMENDMENT TO
### AGREEMENT FOR PROPERTY AND CASUALTY INSURANCE PROGRAM
### THIRD PARTY ADMINISTRATION SERVICES
### PURSUANT TO RFP 16-101

This FIRST AMENDEMENT of the AGREEMENT FOR PROPERTY AND CASUALTY INSURANCE PROGRAM THIRD PARTY ADMINISTRATION SERVICES PURSUANT TO RFP 16-101 is made and entered into by and between FORT BEND COUNTY, TEXAS, a body politic, acting herein by and through its Commissioners' Court and York Risk Services Group, Inc. (hereinafter "Contractor"), a company authorized to conduct business in the State of Texas.

### RECITALS

Whereas, ON OR ABOUT November 22, 2016, the Parties entered into AGREEMENT FOR PROPERTY AND CASUALTY INSURANCE PROGRAM THIRD PARTY ADMINISTRATION SERVICES PURUANT TO RFP 16-101 attached hereto as Exhibit "One" and incorporated by reference;

Whereas, the Parties now desire to amend a certain portion of the Agreement; and

NOW THEREFORE, for and in consideration of the mutual benefits to be derived by the

parties hereto, County, and Contractor agree as follows:

    1.    Amendments
        A.    The Agreement is hereby renewed on the same terms and conditions (except as provided in this First Amendment), effective **JANUARY 1, 2018** and shall terminate on **DECEMBER 31, 2018**.

....

**STATE OF TEXAS**       §
                           §
**COUNTY OF FORT BEND**    §

**SECOND AMENDMENT TO
AGREEMENT FOR PROPERTY AND CASUALTY INSURANCE PROGRAM
THIRD PARTY ADMINISTRATION SERVICES
PURSUANT TO RFP 16-101**

. . . .

    I.  Amendments.
A.    The Agreement is hereby renewed; effective **JANUARY 1, 2019** and shall terminate on **DECEMBER 30, 2019**. Terms, pricing, conditions and additional renewal periods shall remain the same.
B.    Except as modified herein, the Agreement remains in full force and effect and has not been modified or amended.
C.    If there is a conflict among documents, the most recently executed document will prevail with regard to the conflict.

    II.  Except as modified herein, any prior executed document remain in full force and effect and has not been modified or amended. In the event of conflict, the contents of the most recently executed document shall prevail.

....

In the event that Lloyds owes no duty to indemnify Fort Bend County because York failed to give notice to the Underwriters, York must indemnify Fort Bend County for any loss occurred by the DOE lawsuit.

**C. SUTTER'S ALLEGED WRONGDOING**

Plaintiffs in Civil Action No. 4:19-CV-00430; John Doe (pseudonym), on behalf of his minor

child, Frank Thomas v. Deborah Helen Sutter, et al; In the United States District Court for the Southern District of Texas, Houston Division, allege that Ms. Sutter, while acting as a volunteer mentor, repeatedly subjected Frank Thomas to sexual abuse while he was confined in the Fort Bend County Juvenile Detention facility. This alleged abuse by Sutter, according to Doe's allegations, gives rise to liability on the part of Plaintiff herein. Therefore, Sutter is required to indemnify Fort Bend County for any loss occasioned by the DOE lawsuit.

<h3 style="text-align:center;">CAUSE OF ACTION – DECLARATORY JUDGMENT</h3>

Lloyds has reserved its right's under the insurance policy, saying that it has no duty to indemnify Fort Bend County because Fort Bend County gave notice of Doe's claim to York, as required by Lloyds' policy. Lloyds claims that York did not in turn give notice to Lloyds.

Fort Bend County seeks declarations against Defendants pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code as follows:

a.  Fort Bend County seeks a declaration that it gave notice of the sex abuse claim to Defendant Lloyds in accordance with the terms of the Policy.

b.  Fort Bend County seeks a declaration that it is entitled to indemnity from Defendant Deborah Helen Sutter in the unlikely event that the John Doe/Frank Thomas Plaintiffs recover a judgment against Fort Bend County;

c.  Fort Bend County seeks a declaration that it is entitled to indemnity by Defendant York in the unlikely event that the John Doe/Frank Thomas Plaintiffs recover a judgment against Fort Bend County and it is determined that Defendant Lloyds owes no indemnity under the Policy by reason of York's handling the notice of potential sexual abuse claim.

## PRAYER

Fort Bend County respectfully prays that it be granted the following declaratory reliefs:

    a.  Fort Bend County seeks a declaration that it gave notice of the sex abuse claim to Defendant Lloyds in accordance with the terms of the Policy.

    b.  Fort Bend County seeks a declaration that it is entitled to indemnity from Defendant Deborah Helen Sutter in the unlikely event that the John Doe/Frank Thomas Plaintiffs recover a judgment against Fort Bend County;

    c.  Fort Bend County seeks a declaration that it is entitled to indemnity by Defendant York in the unlikely event that the John Doe/Frank Thomas Plaintiffs recover a judgment against Fort Bend County and it is determined that Defendant Lloyds owes no indemnity under the Policy by reason of York's handling the notice of potential sexual abuse claim.

    d.  Fort Bend County prays that it be awarded its reasonable and necessary attorney's fees and costs and for all other relief to which it has shown itself to be justly entitled.

                         Respectfully submitted,

                         Roy L. Cordes, Jr.
                         Fort Bend County Attorney

                  By:   /s/  Kevin Hedges
                       Kevin Hedges
                       Assistant County Attorney
                       State bar Number: 09370100
                       401 Jackson Street, 3d Floor
                       Richmond, Texas 77479
                       (281) 341-4555   Facsimile: (281) 341-4557
                       Kevin.Hedges@fortbendcountytx.gov



**BEVERLEY MCGREW WALKER**

District Clerk
Fort Bend County, Texas
301 Jackson St., Room 101
Richmond, Texas 77469

Physical: 1422 Eugene Heimann Circle
          Richmond, Texas 77469

**OFFICIAL BUSINESS**

Penalty for Private Use

**CERTIFIED MAIL®**



9414 7266 9904 2152 4456 04

RETURN RECEIPT REQUESTED



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 77469 $ 007.75⁰
02 4W
0000365023 SEP. 23. 2019

YORK RISK SERVICES GROUP INC
C/O CORPORATE SERVICE COMPANY
211 E 7TH STREET SUITE 600
AUSTIN, TX 78701-3218

